# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TONY CERVANTES, | Case No.: 1:18-cv-00397-LJO-SAB (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | (ECF No. 1) |
| THE WHOLE DEPARTMENT OF CORRECTIONS, et al., | **THIRTY (30) DAY DEADLINE** |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Ruben Tony Cervantes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court for screening is Plaintiff's complaint, filed on March 23, 2018. (ECF No. 1.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff names as defendants unnamed CDC officers at Wasco State Prison, unnamed CDC officers at Salinas Valley State Prison, W. L. Muniz, warden at Salinas Valley State Prison, and the Kern County Police Department.

Plaintiff's complaint is a largely confusing, rambling, and conclusory account of various accusations. Plaintiff appears to be complaining about numerous matters, including harassment, being recorded without his consent, an invasion of privacy due to personal information being exposed on the internet or online, safety concerns and exposure to health hazards, retaliation, issues with his mail, problems with 602 appeals, and being assaulted. There are little to no factual allegations, dates,

names, or specific events discussed. Plaintiff's assertions are largely conclusory accusations aimed at the entire department of corrections, prison officials, and law enforcement generally.

## IV.

## DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to cure the identified deficiencies in his complaint. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Although Plaintiff's complaint is short, it lacks sufficient factual allegations to state a claim for relief. Specifically, Plaintiff's complaint lacks factual asserts about who did what, when it occurred, where it occurred, and what happened. Absent this factual information, the Court cannot determine whether Plaintiff states a cognizable claim. If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claim for relief.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.

Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link any specific defendant to any deprivation of his rights. Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### C. Rule 18/Rule 20

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a).

However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.3d 1371, 1375 (9th Cir. 1980).

Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation does not necessarily make claims related for purposes of Rule 18(a). Nor are Plaintiff's claims all related because he feels the Warden, or other supervising personnel, failed to properly train or supervise all of the culpable actors.

///

All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Visendi v. Bank of Am., N.A., 733 F3d 863, 870–71 (9th Cir. 2013).

### D. Supervisory Liability

Plaintiff names Warden Muniz as a defendant. Insofar as Plaintiff is attempting to bring suit against any official based on their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link supervisory defendants either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of his rights.

### E. Conditions of Confinement

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is deliberately indifferent to the inmate's safety. Id. at 834. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

**F.     Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).

When incoming mail is legal mail, there are heightened concerns with allowing prison officials unfettered discretion in opening and reading an inmate's mail. Prisoners have a Sixth Amendment right to confer privately with counsel and the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right. Id. at 1196–97 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1210 (9th Cir. 2017) (prisoners have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence). "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense." Id. at 1198 (quoting Nordstrom v. Ryan, 762 F.3d 903, 910 (9th Cir. 2014)).

"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

**G.     Grievances**

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a

grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Allegations that prison officials denied or refused to process grievances do not state a cognizable claim for a violation of his due process rights, because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

**H.     Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Waitson v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. Id. at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. Id. The filing of an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. Rhodes, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Waitson, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution.. . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

While a plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, Iqbal, 556 U.S. at 678-79, and the Court is "not

required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, mere allegations that a plaintiff engaged in protected activity, without knowledge resulting in animus by a defendant, is insufficient to show that a plaintiff's protected activity was the motivating factor behind a defendant's actions.

### I. Exhaustion of Administrative Remedies

Plaintiff states that for some of his claims, he did not attempt to submit any request for administrative relief, and he did not exhaust his administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., No: 2:14-cv-0590 DAD P, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

///
///
///

# V.

# CONCLUSION

For the reasons discussed, Plaintiff has not stated a cognizable claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, to the extent he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint or notice of voluntary dismissal; and

///

///

///

3. <u>If Plaintiff fails to comply with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order</u>.

IT IS SO ORDERED.

Dated: __**June 15, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE