**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN TONY CERVANTES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE WHOLE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00397-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL, WITH PREJUDICE, FOR THE FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 AND THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 14)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Ruben Tony Cervantes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action by filing a complaint on March 23, 2018. (ECF No. 1.) On June 15, 2018, the Court screened Plaintiff's complaint under 28 U.S.C. §§ 1915A and 1915(e). (ECF No. 11.) The Court found that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim. Plaintiff was given leave to amend to cure the identified deficiencies in his complaint. To assist Plaintiff, the Court also provided the pleading and legal standards that appeared relevant to his claims.

Plaintiff sought an extension of time to amend his complaint, (ECF No. 12), which was granted, (ECF No. 13.) On August 22, 2018, Plaintiff filed a first amended complaint. (ECF No. 14.)

Plaintiff's first amended complaint is now before the Court for screening.

///

1

# II.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# III.

# SUMMARY OF ALLEGATIONS

Plaintiff names as defendants R. Manroy, a CCI counselor at Salinas Valley State Prison, and the "whole Department of Corrections." (Am. Compl. 2.) It appears a page listing additional defendants may be missing. The caption indicates that Plaintiff may have also intended to name R. Dossey, M. Diaz, W. L. Muniz, Bermudez, and John and Jane Doe unknown agents. (Id. at 1.)

Plaintiff's amended complaint is a 15-page critical statement against numerous people and agencies, raising numerous issues. He generally asserts that various friends and family members, and various people in Kern County, are experiencing a violation of their rights due to conduct by police departments and correctional officers. Some of these issues involve surveillance, including video and audio prison surveillance, the internet, law firms, the falsification of documents and fraud, promotion of drug use, aiding gang members, and other matters that are not entirely clear.

Plaintiff states that he names the "whole Department of Corrections" as a defendant because all officers are in a gang. (Id. at 5.) Also, he states that correctional officers change depending on where he is, such that he cannot identify any specific officer at fault for his complaints, although he generally alleges that a warden is at fault in all circumstances because a warden oversees officers and prisons. Plaintiff also alleges that there are ongoing issues of harassment, improper surveillance, and other violations of rights at Salinas Valley State Prison, where he is currently held. Plaintiff also complains of improper things being on the radio, television, and computers, and what seems to be general societal harms. Plaintiff alleges that there are general problems with law enforcement, prosecution, and incarceration.

Regarding himself specifically, Plaintiff complains of an issue regarding transfers and housing, and states that correctional staff is unprofessional. Plaintiff also states that he has problems with his mail, and problems with attempting to exhaust his administrative remedies. No specific events, dates, or people are identified, and his allegations are conclusory.

Plaintiff asserts violations of the First, Sixth, Eight, and Fourteenth Amendments and the Uniform Commercial Code, and seeks damages and injunctive relief.

## IV.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

Plaintiff has been previously advised that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). While "plaintiffs [now] face a higher burden of pleading facts . . .," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

"Where the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 is proper." See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants). The function of the complaint is not to list every single fact relating to Plaintiff's claims. Id.

Here, Plaintiff's original complaint named various officers and a warden, and was found to be a vague, confusing, rambling, and conclusory account of various accusations. Plaintiff's amended complaint suffers from the same issues. There are little to no factual allegations, dates, names, or specific events discussed, and Plaintiff's assertions are largely conclusory accusations aimed at the entire department of corrections, prison officials, and law enforcement generally. Plaintiff's complaint lacks sufficient factual allegations to state any claim for relief.

Plaintiff was previously advised of these deficiencies, provided legal standards and granted leave to amend to attempt to state this claim in the Court's June 15, 2018 screening order, but he failed to cure the deficiencies. Therefore, further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

**B.      Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit

4

in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link any specific defendant to any deprivation of his rights. He has identified a few persons, but does not describe what they did or did not do to violate his rights. Moreover, he has stated that all law enforcement and correctional officers are at fault, and that he cannot identify specific defendants against whom he brings a claim. Therefore, he has failed to state any claim against any defendant.

### C.     Supervisory Liability

Plaintiff states that Warden Muniz is a defendant. As Plaintiff has been previously advised, he cannot bring suit against any official based on their supervisory role. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

**D.     Housing**

Plaintiff vaguely alleges that he is having issues regarding housing and housing transfers, and that prison officials have been unprofessional in dealing with his requests regarding housing. Plaintiff cannot state a claim based on dissatisfaction with his housing location or lack of choice in his facility. Prisoners have no right to remain in the prison of their choice or to prevent a housing transfer. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983).

**E.     Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).

When incoming mail is legal mail, there are heightened concerns with allowing prison officials unfettered discretion in opening and reading an inmate's mail. Prisoners have a Sixth Amendment right to confer privately with counsel and the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right. Id. at 1196–97 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1210 (9th Cir. 2017) (prisoners have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence). "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense." Id. at 1198 (quoting Nordstrom v. Ryan, 762 F.3d 903, 910 (9th Cir. 2014)).

"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

6

Despite being previously provided these standards, Plaintiff only generally asserts that he has issues with his mail. He has not stated any claim based on the standards set forth here.

**F.      Grievances/Appeals**

Plaintiff complains that he is having problems exhausting his administrative remedies, and that his complaints have been lost. Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Allegations that prison officials denied or refused to process grievances do not state a cognizable claim for a violation of his due process rights, because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

**G.      Venue**

Plaintiff alleges that he is having his constitutional rights violated while being housed at Salinas Valley State Prison. Salinas Valley State Prison is located in Soledad, California, which is in the County of Monterey.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

To the extent Plaintiff seeks to bring any claim against a prison official at Salinas Valley State Prison, venue is not proper in this district because the defendant(s) and any witness(es) would reside

near Salinas Valley State Prison, and all events would have occurred in that prison. That area falls within the jurisdiction of the United States District Court for the Northern District of California, and therefore any action should be filed in that court, not this court. See 28 U.S.C. § 1391(b); 28 U.S.C. § 82.

**V.**

**CONCLUSION**

For the reasons discussed, Plaintiff has not stated a cognizable claim upon which relief may be granted, and further leave to amend is not warranted. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for the failure to state a claim upon which relief could be granted, and for failure to comply with Federal Rule of Civil Procedure 8.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __November 6, 2018__

UNITED STATES MAGISTRATE JUDGE