UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TONY CERVANTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE WHOLE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00397-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF APPEAL TO DISTRICT JUDGE, CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 24) |

**I.　Introduction**

Plaintiff Ruben Tony Cervantes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 7, 2018, the assigned Magistrate Judge issued findings and recommendations recommending to dismiss this action, with prejudice, for failure to state a claim upon which relief can be granted and for failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 15.) On December 5, 2018 and on January 4, 2019, the Magistrate Judge granted Plaintiff's two motions for an extension of time to file objections to the findings and recommendations. (ECF Nos. 17, 19.) On February 20, 2019, after Plaintiff failed to file objections to the findings and recommendations or a third request for an extension of time, the undersigned issued an order adopting the November 7, 2018 findings and recommendations in

full and dismissing the instant action, with prejudice, for failure to comply with Rule 8 and failed to state a cognizable claim upon which relief may be granted. (ECF No. 20.)

On September 12, 2019, Plaintiff filed a notice of appeal to District Judge, which the Court interprets as a motion for reconsideration of the Court's February 20, 2019 order adopting the November 7, 2018 findings and recommendations and dismissing this action.

**II.     Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff contends that the Magistrate Judge incorrectly determined that Plaintiff failed to state any claim upon which relief may be granted. Plaintiff states that he "did state a claim which was money and damages, pain and suffering, mental, physically, under cruel and

2

unusual punishment." (ECF No. 24, at 1-2.)  However, Plaintiff's motion fails to present "new or different facts or circumstances … which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j).  The Court's order adopting the Magistrate Judge's findings and recommendations was issued following a *de novo* review of the entire case, and Plaintiff has failed to set forth any additional grounds that the Court did not consider that would entitle him to relief from the Court's judgment.  Therefore, Plaintiff's motion for reconsideration is denied.

**III.    Order**

Based on the foregoing, Plaintiff's motion for reconsideration, (ECF No. 24), is HEREBY DENIED.  This action remains closed.

IT IS SO ORDERED.

Dated:  **November 12, 2019**             /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE